NEW YORK COUNTY.—HON. RASTUS S. RANSOM,·
SURROGATE.— July, 1888.

MATTER OF WOLFE.

*In the matter of the judicial settlement of the account
of* SAMUEL D. BABCOCK *and* JOEL BURKE WOLFE,
*as trustees of the will of* JOEL WOLFE, *deceased.*

When by the provisions of the will the trustees are empowered to hold any
or all of the personal estate of testator in the manner and form in
which the same may be invested at the time of his death, the trustees
cannot be held liable for losses incurred by reason of stocks bought by
the testator in his lifetime selling for less than their inventoried value.

JUDICIAL settlement of the account of Samuel D.
Babcock and Joel Burke Wolfe as sole surviving trus-
tees under the will of Joel Wolfe, deceased.
The facts sufficiently appear in the opinion.

HENRY W. HIMMELMANN, *for trustees.*

HENRY W. CLARK, *for* ALICE C. WOLFE, *objector.*

THE SURROGATE.—This is the judicial settlement
of the voluntary account of Samuel D. Babcock and
Joel Burke Wolfe, as sole surviving trustees of de-
cedent.   Objections to the account were filed June
21, 1888, by Alice G. Wolfe, who, under the will, is
entitled to one eighth of the residuum.   The first ob-
jection is that certain investments made by the trus-
tees are illegal, and that they (the trustees) should
be held liable for all losses occurring by reason of any·

of the stocks invested selling for lower prices than their inventoried value. The second objection is that the trustees should be held liable for all losses incurred on sales heretofore made by them of certain securities, and the third objection is that the decree should provide for the quarterly payment to the objector of the interest properly payable to her. The seventh clause of the will provides as follows: "I hereby authorize and empower my executors to sell, whenever they may deem it advisable, any or all of my personal estate, and, in their discretion, to invest the same, or any part thereof, in bonds and mortgages, or improved real estate in the city of New York, or in the purchase of improved real estate therein, in their names as trustees under this my last will and testament, or to use the same or any part thereof in the improvement of any real estate which I may die seised and possessed of;" but, in case my said executors shall deem it advisable to hold any or all the personal estate whereof I may die possessed in the manner and form in which the same may at that time be invested, I hereby authorize them so to hold the same, anything herein contained to the contrary notwithstanding. And I also authorize and empower my said executors to rent, lease, or improve any part of my estate; it being my intent and purpose that my personal estate shall be converted into real estate if it can be advantageously done."

In view of the express language of this clause, that the trustees are empowered to hold any or all of the personal estate of testator in the manner and form in which the same may, at the time of his death, be in-

vested, there is no doubt but that the first objection to the account must be overruled.   Matter of Cant, 5 *Dem.* 269.   The second objection cannot be passed upon on the papers now before me.   There is no proof of the essential facts and circumstances of the sale. A reference may be necessary on this point.   The third objection is more properly a matter for disposition upon the settlement of the decree.